IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SOUMAILA BAWALA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV280 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY, STATE, FBI OF OMAHA, | ) | MEMORANDUM AND ORDER |
| CITY, STATE, FBI OF NY, | ) | |
| HAITIAN PEOPLE, of building | ) | |
| 3614 av k NY^1210, and RADIO | ) | |
| AND TV OF OMAHA AND NY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint on August 8, 2012 (Filing No. 1). Plaintiff was given leave to proceed in forma pauperis (Filing No. 6). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff is a nonprisoner. He seeks relief from the "Haitian people of building 3614," "radio and tv" of Omaha and New York City, and the "city, state, [and] FBI of Omaha and [New York City]." (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are nearly impossible to decipher. The allegations the Court can decipher consist of, at best, nonsensical statements about his life since September of 2011. He alleges that since September of 2011, he has not been free in his telephone, internet, school, room, bath, city, or religious

practice; every word he has ever written has been published, even though he has never written a book for publication; Haitian people are controlling him; and he is being harassed by journalists and local citizens. (*Id.* at CM/ECF pp. 2-3.) As relief, plaintiff asks that the Court return his civil rights. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the

-2-

plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

The Court has carefully reviewed the complaint. The allegations that the Court can decipher do not nudge any claim across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") Plaintiff does not allege that defendants deprived him of a right secured by the Constitution or laws of the United States, or that the alleged deprivation was committed under "color of state law." Even with the most liberal construction, plaintiff's complaint does not include sufficient facts to support the claims advanced and is, at best, frivolous and nonsensical.

On the Court's own motion, plaintiff shall have 30 days in which to amend his complaint to sufficiently allege a claim against defendants. Any amended complaint shall restate the allegations of plaintiff's prior complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If plaintiff fails to file a sufficient amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS ORDERED:

1. Plaintiff shall have until **November 13, 2012,** to amend his complaint to clearly state a claim upon which relief may be granted against defendants, in accordance with this Memorandum and Order. If plaintiff fails to file a sufficient amended complaint, plaintiff's complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 13, 2012,** and dismiss if none filed.

4.     Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice**.

5.     Plaintiff's Motion to Appoint Counsel (Filing No. 3) is denied.  See [Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)](#) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel.") (internal quotation marks omitted).

DATED this 12th day of October, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.